**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT HARLEY McCRAY #422744** | § | |
| | § | |
| **V.** | § | **A-15-CA-091-SS** |
| | § | |
| **MARLA "SISSY" WILLIAMS,** | § | |
| **GLENNA HOLLOMAN, JAMES** | § | |
| **BOOKER, TERRY McKINNEY,** | § | |
| **RICHARD AIELLO, TROY FOX,** | § | |
| **ELVIS HIGHTOWER, CHARLEY** | § | |
| **VALDEZ, and F. BEITIA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has paid the full filing fee for his case.

STATEMENT OF THE CASE

At the time he filed his complaint for "conspiracy to commit theft of intangible property" pursuant to 42 U.S.C. § 1985, Plaintiff was confined in the Coffield Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. According to Plaintiff, he was arrested for

1

aggravated sexual assault on December 18, 1985, in Harris County, Texas.  After a jury trial, Plaintiff was found guilty and sentenced to life in prison.  Plaintiff asserts the life sentence was subsequently overturned.  After a new trial, Plaintiff asserts he was found guilty and sentenced to 75 years in prison.

According to Plaintiff, he served 25 years, 11 months, and 17 days in prison before he was released on mandatory supervision on December 5, 2011.  As part of the conditions of his release, Plaintiff asserts he was required to wear an electronic tracking device and attend sex offender treatment.  Plaintiff explains he was initially required to reside in a halfway house until February 16, 2012.  While in the halfway house, Plaintiff states he had no problems with his monitor.  After Plaintiff's release from the halfway house, he alleges he moved to a heavily wooded area in Livingston, Texas and immediately began to have problems with his monitor.

According to Plaintiff, he was first arrested on August 14, 2012,[1] for an alleged violation of his conditions of release.  Plaintiff asserts he was reinstated to mandatary supervision on September 6, 2012.  Plaintiff alleges his parole officer was upset the violation was not sustained and allegedly told Plaintiff "had Glenna Holloman been at the Hearing, the outcome would have been different."

Plaintiff was next required to report to Huntsville on September 9, 2012, for a "12-second" GPS violation, which allegedly occurred on September 8, 2012.  Plaintiff claims the warrant was dismissed without an arrest.

On September 17, 2012, Plaintiff asserts he was required to report to Huntsville for an alleged tampering violation.  According to Plaintiff, the GPS device was inspected and no evidence

---

[1] Plaintiff mistakenly states 2014.

of tampering was found.  Nevertheless, Plaintiff was required to submit to a polygraph examination conducted by Sissy Williams on October 31, 2012.  Plaintiff was told he failed the examination and would be required to take a follow-up examination within 60 days.

On November 7, 2012, Plaintiff alleges he was called back to Huntsville to exchange his two-piece monitor for a one-piece monitor.  According to Plaintiff, monitor alerts continued day and night, but the alerts were downplayed by his parole officer, Ina Grismore.

On or about December 22, 2012, Grismore allegedly informed Plaintiff she had recommended the removal of the monitor subject to the approval of the Board of Pardons and Paroles (the "Board").  On or about January 6, 2013, Plaintiff was allegedly informed Parole Officer James Booker had been assigned to Plaintiff's case.  On January 17, 2013, Plaintiff took his second polygraph examination and was again informed he failed.  According to Plaintiff, this caused Glenna Holloman,  a sex offender treatment therapist, to discharge Plaintiff from the Sex Offender Treatment Program, which automatically violated the terms of Plaintiff's mandatory supervision.

On January 18, 2013, Plaintiff asserts he was arrested at his residence.  At his revocation hearing, Plaintiff alleges Hearing Officer Terry McKinney allowed hearsay evidence and unrelated evidence into the hearing, which prejudiced Plaintiff and had nothing to do with the GPS monitor.

On February 7, 2013, Plaintiff alleges Richard Aiello, Troy Fox, and Elvis Hightower concurred with the faulty findings of McKinney and revoked Plaintiff's mandatory supervision. Plaintiff asserts he filed a time credit dispute at TDCJ.  According to Plaintiff, it was denied by both Charley Valdez and F. Beitia.

Plaintiff sues Marla "Sissy" Williams, the polygraph examiner; Glenna Holloman, his therapist; James Booker, his parole officer, Richard Aiello, Commissioner or Board Member; Troy

Fox, Commissioner or Board Member; Elvis Hightower, Commissioner or Board Member; Charley Valdez, Program Specialist in the Time Section for the Texas Department of Criminal Justice; and F. Beitia, Program Specialist in the Time Section for the Texas Department of Criminal Justice.

Plaintiff contends the defendants knew their involvement would result in the loss of previously accrued good-time credits. Plaintiff argues good-time credits are intangible property, and Plaintiff has a right to keep his property as his own. Plaintiff maintains the actions of the defendants resulted in the loss of his property without justification and the property is considered stolen. Plaintiff seeks the restoration of his good-time credits. He also seeks future protection from a reoccurrence. Plaintiff also requests monetary damages and costs of court.

DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants James Booker, Terry McKinney, Richard Aiello, Troy Fox, Elvis Hightower, Charley Valdez, and F. Beitia are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

C.    Absolute Immunity

Defendants James Booker, Terry McKinney, Richard Aiello, Troy Fox, and Elvis Hightower are protected from Plaintiff's claims brought against them in their individual capacities for monetary damages by the doctrine of absolute immunity.  See Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).  Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers.  Id.

D.    Heck v. Humphrey

Insofar as Plaintiff is seeking monetary damages against Defendants in their individual capacities, Plaintiff's claims must also be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would render
> a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

5

> sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck applies to proceedings which call into question the fact or duration of parole or mandatory supervision.  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).

In this case Plaintiff does not allege that his conviction or revocation of mandatory supervision has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  In fact, Plaintiff's federal application for habeas corpus relief challenging the revocation of his mandatory supervision and the forfeiture of good-time credits was recently denied.  See McCray v. Stephens, No. 4:14-CV-1019 (S.D. Tex. Jan. 23, 2015).

Bringing his suit pursuant to 42 U.S.C. § 1985, does not insulate his complaint from a Heck dismissal.  See Stephenson v. Reno, 28 F.3d 26, 26-28 (5th Cir. 1994) (per curiam)(affirming dismissal of claims under 42 U.S.C. § 1985 and RICO as barred by Heck); McQuillon v. Schwarzenegger, 369 F.3d 1091, 1098  n. 4 (9th Cir. 2004)("We agree with our sister circuits that Heck applies equally to claims brought under §§ 1983, 1985 and 1986") (citing Lanier v. Bryant, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying Heck to § 1985 action)); and Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999) ("Heck therefore applies with respect not only to plaintiff's § 1983 claim but also to his §§ 1981, 1985(3) and 1986 claims").

Accordingly, Plaintiff's claims for monetary damages should be dismissed without prejudice to refile once the conditions of Heck are met.  Plaintiff should be allowed to refile only upon a showing that the decision to revoke his mandatory supervision and forfeit his previously earned good-time credits "has been reversed on direct appeal, expunged by executive order, declared invalid

by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

E.    Habeas Claims

To the extent Plaintiff seeks the restoration of his good-time credits, he must seek such relief in an application for habeas corpus. The restoration of Plaintiff's good-time credits would result in Plaintiff's release on mandatory supervision. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973). The Court should decline to construe this action as a request for habeas corpus relief, because Plaintiff has not shown he has permission from the Fifth Circuit Court of Appeals to file a successive habeas corpus application. Accordingly, the district court is without jurisdiction over Plaintiff's habeas claims. Additionally, venue would not be proper in this Court.

RECOMMENDATION

It is therefore recommended that Plaintiff's claims brought against Defendants James Booker, Terry McKinney, Richard Aiello, Troy Fox, Elvis Hightower, Charley Valdez, and F. Beitia in their official capacities for monetary damages be dismissed without prejudice for want of jurisdiction and Plaintiff's claims brought against Defendants James Booker, Terry McKinney, Richard Aiello, Troy Fox, Elvis Hightower be dismissed with prejudice as a result of absolute immunity. Alternatively and additionally, it is recommended that Plaintiff's claims brought against Defendants Marla "Sissy" Williams, Glenna Holloman, James Booker, Terry McKinney, Richard Aiello, Troy Fox, Elvis Hightower, Charley Valdez, and F. Beitia in their individual capacities for monetary damages be

dismissed without prejudice to refile once the conditions of <u>Heck</u> are met.[2]  Plaintiff's claims seeking the restoration of his good-time credits should be dismissed without prejudice to filing an application for habeas corpus relief after he obtains permission from the Fifth Circuit Court of Appeals to file a successive application.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  <u>See</u>, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

---

[2]  A dismissal pursuant to <u>Heck</u>, is a frivolous dismissal pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on April 6, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

10